# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VIOLET MARIE WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:09-CV-1744 CAS |
| OCEANA BISTRO, et al., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Violet Marie Williams for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Oceana Bistro, Amer Abouwardah (Oceana Bistro owner), Amer Abouwardah,Waitress Working 9:00 PM on 9/29/09, and Sarjiv, On Duty Manager on 10/19/2009. Plaintiff alleges that she went to Oceana Bistro on September 29, 2009, and after she was seated, "the waitress . . . over-reacted & treated [her] wrongfully by not serving [her] needs & calling attention to [plaintiff] as a consumer." Plaintiff states that she stepped out of the restaurant to go to her car, and when she returned, she was not allowed to re-enter Oceana Bistro and take her seat. Plaintiff states that the "police were instantly called to [the] scene when nothing earth shattering had occurred." Plaintiff claims that the waitress failed to treat her as "a private citizen with rights, "and the owner was also negligent & treated [her] as if [she was] mentally disabled." Plaintiff states that the police took her away in handcuffs and brought her to the Metropolitan Psychiatric Center, where she was held involuntarily for ninety-six hours and was "forced to endure cruel, harsh, [and] unusual punishment." She says she was taken to court and was told she would be held involuntarily for an additional twenty-one days. Plaintiff states, "the indoctrination into the facility at MCP was cruel, they tried to kill me."

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the specific jurisdictional grounds for filing this action in federal court.[1] To the extent that plaintiff is attempting to bring this

---

[1] On page 1 of her Complaint, plaintiff states that the basis for filing this case in Federal Court is "Discrimination, treated as though mentally disabled, civil rights were violated - freedom to dwell in public environment."

action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that diversity of citizenship is lacking and plaintiff does not claim that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Moreover, plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Last, plaintiff does not allege, nor does it appear, that the named defendants are state actors, and thus, there can be no cause of action under 42 U.S.C. § 1983.

Moreover, having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and fails to state a claim or cause of action against any of the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**, as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of January, 2010.